IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| CLARK ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-027-A |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION
### and
### ORDER

The court has not been persuaded that it has subject matter jurisdiction over the above-captioned action. Therefore, the court is ordering the action remanded to the state court from which it was removed.

### I.

### Background

On December 4, 2012, plaintiff, Clark Ortiz, initiated the above-captioned action by the filing of his original petition and application for temporary restraining order and temporary injunction in the District Court of Tarrant County, Texas, 352nd Judicial District, against defendant, Ocwen Loan Servicing, LLC. The notice of removal asserted that this court had subject matter jurisdiction by reason of diversity of citizenship, as

contemplated by 28 U.S.C. § 1332, and that the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs, as contemplated by § 1332(a).

Defendant contended in the notice of removal that "[w]hen a plaintiff seeks declaratory judgment the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented." Notice of Removal at 3 (footnote and internal quotation marks omitted). Defendant further argued that when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." Id. at 3-4 (footnote omitted). According to defendant, the Tarrant County Appraisal District had appraised plaintiff's property at $598,680, thus establishing the amount in controversy.

Because of a concern that defendant had not provided the court with information that would enable the court to find the existence of the requisite jurisdictional amount, the court ordered defendant to file an amended notice of removal, together with supporting documentation, showing that the amount in

controversy exceeds the jurisdictional amount. Defendant timely complied with the court's order.

II.

Basic Principles

The court starts with a statement of basic principles announced by the Fifth Circuit:

"The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute."[1] Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal

---

[1]The removal statute, 28 U.S.C. § 1441(a) provides, in pertinent part, that:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

3

jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

To determine the amount in controversy, the court ordinarily looks to the plaintiff's state court petition. <u>Manguno</u>, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy exceeds the required amount, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing that the amount in controversy is, more likely than not, greater than $75,000. <u>Id.</u>; <u>Allen v. R & H Oil & Gas Co.</u>, 63 F.3d 1326, 1335 (5th Cir. 1995). The amount in controversy is measured from the perspective of the plaintiff. <u>See</u> <u>Garcia v. Koch Oil Co. of Texas Inc.</u>, 351 F.3d 636, 640 n.4 (5th Cir. 2003).

III.

<u>The True Nature of Plaintiff's Claims</u>

The petition by which plaintiff initiated this action in the state court does not specify a dollar amount of recovery sought, nor does it define in any way the value of the right sought to be protected or the extent of the injury sought to be prevented. Rather, the allegations of the petition are typical of many state

court petitions that are brought before this court by notices of removal in which the plaintiff makes vague, general, and obviously legally baseless allegations in an attempt to frustrate the procedures a lender is pursuing, or has pursued, to regain possession of residential property the plaintiff used as security for the making of a loan.

As the court has been required to do in other cases of this kind, the court has undertaken an evaluation of the true nature of plaintiff's claims. Having done so, and having considered the authorities and arguments cited by defendant in the amended notice of removal, the court remains unpersuaded that the amount in controversy exceeds the required jurisdictional minimum.

In the case at bar, plaintiff alleged that in 2006 he signed a note and deed of trust to refinance his property. However, in mid-2009 he became unable to make his mortgage payments. When he became unable to pay the arrearage, defendant's predecessor-in-interest suggested he apply for a loan modification that would roll the arrearage into the principal balance of the modified loan. After several months of submitting and resubmitting documents for the modification application, plaintiff's property

was scheduled for foreclosure. Prior to a final decision being made on plaintiff's application for loan modification, plaintiff's note was assigned to the defendant as loan servicer. However, defendant refused to honor the application for loan modification.

Defendant in the amended notice of removal relies on the same arguments set forth in the notice of removal, adding citations to opinions from other district courts, some from other jurisdictions, in support thereof. The court is not persuaded by the other authorities cited in the amended notice of removal. Defendant also relies in part on <u>Nationstar Mortage LLC v. Knox</u>, 351 F. App'x 844 (5th Cir. Aug. 25, 2009), and <u>Waller v. Professional Insurance Corporation</u>, 296 F.2d 545, 547-48 (5th Cir. 1961), to support its contentions regarding the amount in controversy. The pertinent portion of <u>Nationstar</u> also relies on <u>Waller</u>. This court has previously explained its reasoning for finding <u>Waller</u> inapposite to determining the amount in controversy in cases such as the instant action. <u>See</u> <u>Ballew v. America's Servicing Co.</u>, No. 4:11-CV-030-A, 2011 WL 880135 (N.D. Tex. Mar. 14, 2011). Defendant has failed to persuade the court

otherwise.

The court finds nothing in the amended notice of removal as would establish by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Therefore, the court lacks subject matter jurisdiction over the action, and it should be remanded to the state court from which it was removed.

IV.

Order

Therefore,

The court ORDERS that this action be, and is hereby, remanded to the state court from which it was removed.

SIGNED January 31, 2013.

_____
JOHN McBRYDE
United States District Judge